UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 9:16-cv-80359

BERNICE OCASIO, On Behalf Of Herself and All  :
Others Similarly Situated,                     :
                                               :
                        *Plaintiff,*      :
                                               :
                        vs.                :
                                               :
THE J.M. SMUCKER COMPANY,                      :
                                               :
                        *Defendant.*     :
_____:

**THE J.M. SMUCKER COMPANY'S
MOTION TO DISMISS PURSUANT TO RULES 12(b)(1) AND 12(b)(6)
AND INCORPORATED MEMORANDUM OF LAW**

      Defendant The J.M. Smucker Company ("Smucker" or "Defendant") hereby moves to dismiss with prejudice the two-count Class Action Complaint ("Complaint" or "Compl.") filed by Plaintiff Bernice Ocasio ("Plaintiff"), pursuant to Federal Rules of Civil Procedure ("Rules") 12(b)(1) and 12(b)(6) for lack of standing and failure to state a claim. In support of its position, Defendant submits the following memorandum of law.

**INTRODUCTION**

      Simply stated, this case is based on the implausible notion that reasonable consumers seeking to purchase chocolate frosting – a product spread over cakes, brownies, and other sweet treats – decide to buy frosting based on dairy content. Plaintiff alleges that she and other reasonable consumers purchased Pillsbury® Creamy Supreme® Milk Chocolate Frosting ("Frosting") because a review of the label led them to believe

that a "milk chocolate" frosting product contains "real milk" or "high-quality ingredients" (a term never defined in the Complaint). But the Frosting label that Plaintiff read and relied upon (1) complies with regulations and U.S. Food and Drug Administration ("FDA") guidelines, none of which require "real milk" as an ingredient in "milk chocolate," and (2) clearly and accurately discloses each ingredient of the Frosting. Simply put, Plaintiff has not and cannot meet her burden of plausibly pleading that the Frosting label is "'likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment." *Zlotnick v. Premier Sales Grp., Inc.*, 480 F.3d 1281, 1284 (11th Cir. 2007) (quoting *PNR Inc. v. Beacon Prop. Mgmt., Inc.*, 842 So. 2d 773, 777 (Fla. 2003)).

Plaintiff's claims also fail because she has not pled fraud with particularity, as required by Rule 9(b). While the Complaint alleges that Plaintiff "purchased the Frosting in reliance on Defendant's representations" (Compl. ¶ 12; *see also* Compl. ¶ 40) and includes a picture of a label from the internet (*id.* ¶ 35), Plaintiff never alleges that the picture in the Complaint is an accurate representation of the product she purchased. Indeed, while Plaintiff alleges that she "read and relied upon Defendant's front-of-package characterizing flavor claims" (*id.* ¶ 45), she never alleges that she read the term "milk chocolate" before making her purchasing decision.

In addition to the above shortcomings which render the entire Complaint deficient, Plaintiff's discrete claims are inadequate for the following reasons. First, Plaintiff's claim for unjust enrichment fails because (a) it is based on the same theory as her FDUTPA claim, rendering it duplicative; and (b) Plaintiff received a benefit from

Smucker, so Smucker could not have been unjustly enriched.  Second, Plaintiff cannot state a claim for injunctive relief because she cannot allege risk of future harm.  Plaintiff admits that she knows the "true" nature of the Frosting, and she expressly alleges that she will not purchase the Frosting again.  Third, while Plaintiff appears to assert claims of an unlimited duration, the relevant statutes clearly limit any claims to a four-year time period.

Accordingly, for the reasons stated more fully below, Plaintiff has pled herself out of a claim, and her Complaint must be dismissed with prejudice.

## **PLAINTIFF'S COMPLAINT**

In her Complaint, Plaintiff contends that the phrase "milk chocolate" on the label of Creamy Supreme® Milk Chocolate Frosting (the "Frosting") is false and misleading.  Compl. ¶ 1.  Plaintiff alleges that she, along with other reasonable consumers, purchased the Frosting because they thought it contained "higher-quality ingredients" such as "real milk."  *Id.* ¶¶ 67, 69.  She alleges that the Frosting label fails to disclose "that the Product contains no milk or natural milk flavor" and "is artificially flavored."  *Id.* ¶ 67.  According to Plaintiff, the Frosting label "would lead a reasonable consumer to believe that [the Frosting] was made with real milk, and . . . such a consumer would purchase Defendant's Frosting over similar, but artificially flavored products."  *Id.* ¶ 69.  She further alleges that Smucker violated regulations related to food labeling, which would have required Smucker to disclose that the Frosting was "artificially flavored."  *Id.* ¶ 30.  Plaintiff does not allege that she read or relied upon these regulations before purchasing the Frosting.  *See generally id.*

Plaintiff admits that she read the label, which contains the ingredient list, before deciding to purchase the Frosting. *Id.* ¶ 46. The Complaint also includes a picture from the of the front of the subject label, which contains the "Milk Chocolate" language at issue, and lists the ingredients contained in the Frosting. *Id.* ¶¶ 35-36. Nowhere does Plaintiff allege that the Frosting package label fails to list ingredients contained in the Frosting, nor does Plaintiff allege that the Frosting label states that it contains ingredients that are higher-quality than those in artificially-flavored products. *See generally id.* Plaintiff also does not and cannot allege that the Frosting label states that it was made with "real milk" or "real milk flavors." *See generally id.* Nor does Plaintiff contend that any of the ingredients in the product are artificial. *See generally id.* Instead, Plaintiff baldly asserts that the Frosting is not made with "real milk" or "higher-quality ingredients," so the Frosting label deceived her. *Id.* ¶ 67.[1]

Based on these allegations, Plaintiff brings claims for violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") and unjust enrichment, purportedly on behalf of herself and all "similarly situated Florida consumers" who purchased the Frosting during an unspecified period of time. *Id.* ¶¶ 26, 89.

---

[1] Plaintiff's Complaint includes a laundry list of allegations that are irrelevant to her claims. For example, Plaintiff alleges that the FDA sent warning letters related to "false or misleading labels" on different food or beverage products made by different companies, such as juice blends labeled as single-juice products, ginseng products that did not contain ginseng, and butter with images of sheep on the label when the butter did not contain sheep's milk. *Id.* ¶¶ 23, 25. These allegations are wholly unrelated to the Frosting, and Plaintiff does not allege that she relied on any of those representations when purchasing the Frosting. *See generally id.*

## LEGAL STANDARD

### A. Rule 12(b)(1)

A motion to dismiss for lack of Article III standing represents a challenge to the Court's subject matter jurisdiction. *See Nelson v. One Way Design, Inc.*, No. 14-62801-CIV, 2015 WL 3772268, at *2 (S.D. Fla. June 17, 2015); Fed. R. Civ. P. 12(b)(1). Plaintiffs cannot seek relief on behalf of themselves or a putative class if they cannot establish they have standing to assert the claims made in their pleadings. *See O'Shea v. Littleton*, 414 U.S. 488, 493-95 (1974). To survive a motion to dismiss under Rule 12(b)(1), "named plaintiffs . . . must allege and show that they have personally been injured." *Lewis v. Casey*, 518 U.S. 343, 357 (1996) (citation omitted). Plaintiffs must show, among other things: (a) an invasion of a legally protected interest that is "concrete and particularized" and "actual or imminent," as opposed to "conjectural" or "hypothetical"; and (b) a causal connection between the injury and the conduct complained about. *O'Shea*, 414 U.S. at 494 (internal quotation marks and citation omitted); *see also Barry v. Carnival Corp.*, 424 F. Supp. 2d 1354 (S.D. Fla. 2006). To meet the standing requirement when requesting injunctive relief, a plaintiff must demonstrate the likelihood of future injury. *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983).

### B. Rule 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint

5

may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 663-64 (2009). "[W]hile notice pleading may not require that the pleader allege a 'specific fact' to cover every element or allege 'with precision' each element of a claim," it must nevertheless "'contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory.'" *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (citation omitted). Further, district courts may appropriately deny leave to amend where amendment would be futile. *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262 (11th Cir. 2004) (citing *Foman v. Davis*, 371 U.S. 178 (1962)).

**C.    Rule 9(b)**

For allegations that sound in fraud, Florida requires plaintiffs to plead complaints with the particularity required by Rule 9(b). *See Perret v. Wyndham Vacation Resorts, Inc.*, 846 F. Supp. 1327, 1333 (S.D. Fla. 2012) (finding that Rule 9(b) requirements applied to FDUTPA claim based on deceptive and misleading sale of timeshares); *Llado-Carreno v. Guidant Corp.*, No. 09-20971-CIV, 2011 WL 705403, at *5 (S.D. Fla. Feb. 22, 2011) (same for FDUTPA claim that was based on allegedly deceptive and unlawful inducement to purchase a product); *see also Begualg Inv. Mgmt. Inc. v. Four Seasons Hotel Ltd.*, No. 10-22153-CIV, 2011 WL 4434891, at *5 (S.D. Fla. Sept 23, 2011) (recognizing split of authority regarding application of Rule 9(b) to FDUTPA claims but finding reasons for applying heightened pleading standards more persuasive). To satisfy Rule 9(b), Plaintiff must plead specific facts identifying precisely what misrepresentations were made, when and where they were made, the content of the

misrepresentations, how they misled Plaintiff, and what Smucker received as a result. *Begualg*, 2011 WL 4434891, at *5.

## ARGUMENT

### I. Plaintiff Cannot State a Claim Under the FDUTPA.

To state a claim under the FDUTPA, a plaintiff must allege that there is a "'representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment.'" *Zlotnick*, 480 F.3d at 1284 (quoting *PNR*, 842 So. 2d at 777); *see also Blair v. Wachovia Mortg. Corp.*, Case No. 5:11–cv–566–Oc–37TBS, 2012 WL 868878, at *3 (M.D. Fla. Mar. 14, 2012). To meet her burden, a plaintiff must plead facts showing "'probable, not possible, deception' that is likely to cause injury to a reasonable relying consumer." *Id.* (citing *Millennium Commc'ns & Fulfillment, Inc. v. Office of the Att'y Gen.*, 761 So. 2d 1256, 1263 (Fla. 3d DCA 2000)).

Plaintiff's FDUTPA claim fails because she has not, and cannot, plausibly plead that the Frosting label is "likely to mislead a consumer acting reasonably in the circumstances, to the consumer's detriment." *See Zlotnick*, 480 F.3d at 1284 (affirming dismissal of FDUTPA claim under Rule 12(b)(6)) (quotation marks and citation omitted). To the extent Plaintiff attempts to plead that a non-compliant label led to a violation of FDUTPA, her claim fails because Smucker complied with federal law.

Frosting is a nonstandardized product, and as such, need not be labeled as "artificially flavored." The FDA Compliance Policy Guide § 515.800 provides, "[FDA] believe[s] that any other nonstandardized food product that contains cocoa as the

7

chocolate flavoring ingredient may bear the term 'chocolate' so long as it can be demonstrated that consumers have long recognized that the food product may be made from cocoa and do not expect it to contain some other chocolate ingredient." FDA Compliance Policy Guide § 515.800.  The FDA contrasts this with a "chocolate bar … [that] is expected to contain chocolate and may not be made from cocoa without being labeled as a 'natural chocolate flavored' or 'chocolate flavored' candy." *Id.*  The FDA also concludes that

> the use of the term 'chocolate' need not be limited to chocolate cake, chocolate cookies, chocolate pudding, and chocolate milk. We believe that any other nonstandardized food product that contains cocoa as the chocolate flavoring ingredient may bear the term 'chocolate' so long as it can be demonstrated that consumers have long recognized that the food product may be made from cocoa and do not expect it to contain some other chocolate ingredient.

*Id.*

Applied to the present case, frosting is a nonstandardized food and the characterizing flavor of Smucker's Frosting is chocolate made from cocoa.  Smucker is not required to state on its label that the Frosting is "artificially flavored" and the relevant regulations and guidance place no such requirement on Smucker.  Despite her citations to numerous FDA regulations and statements (*see, e.g.*, Compl. ¶¶ 27, 28, 30, 37), Plaintiff fails to mention this highly detailed FDA guidance that specifically concludes that a nonstandardized food like frosting can be described as "chocolate" instead of "chocolate flavor."  FDA Compliance Policy Guide § 515.800.

Plaintiff then turns in her Complaint to consumer expectation, relying on standards of identity contained in the myriad FDA regulations.  She alleges that,

"Consumers, like Plaintiff and the Class, expect that a product labeled as 'milk chocolate' frosting contains milk as a characterizing flavor, because 'milk chocolate' must contain milk or other dairy ingredients, like butter or cream." Compl. ¶ 28, citing 21 C.F.R. § 163.130. This is likewise misguided. As explained above, Plaintiff's reliance on the standard of identity for "milk chocolate" does not help since the Frosting is a nonstandardized food. Plaintiff carefully avoids any allegation that the standard of identity for milk chocolate governs Plaintiff's label. More importantly, however, the standard of identity for milk chocolate does not speak to "consumer expectation." *See* 21 C.F.R. § 163.130 (containing no mention of consumer expectation). Thus, Plaintiff's assertion that consumers expect "real milk" to be used in Smucker's Frosting finds no support in the regulations.

Notwithstanding the Frosting label's compliance with the relevant regulations, Plaintiff alleges she read the label, relied on it, and then purchased the Frosting because she thought it contained "real milk" and "high-quality ingredients." Compl. ¶¶ 36, 5. Yet, Plaintiff does not cite any language on the label – and indeed there is none – where Smucker either indicated that the Frosting contained "real milk" or characterized the quality of the ingredients. *See generally* Compl. Further, Plaintiff admits the label clearly discloses the actual ingredients contained in the Frosting. *Id.* ¶ 36. Far from misleading consumers about the Frosting ingredients, then, the label, which plaintiff allegedly read before making her purchase, clearly discloses the product's actual ingredients. *Id.* It is simply implausible that plaintiff or a reasonable consumer would purchase the Frosting at issue—a product commonly used on cakes and other baked

9

dessert products—as a source of milk. *See Zlotnick*, 480 F.3d at 1284 (quoting *PNR*, 842 So. 2d at 777).

Florida courts have dismissed similar cases where plaintiffs selectively relied upon allegedly misleading portions of labels and ignored clear statements on the labels that explained the claims at issue. In *Kuenzig v. Kraft Foods*, the court dismissed plaintiff's FDUTPA claim because the allegedly misleading language – "percent fat free" – was clearly explained on the back of the package, where the food label delineated the number of calories. 2011 WL 4031141, at *9 (M.D. Fla. Sept. 12, 2011), *affirmed on appeal*. The court explained that plaintiff's claim was "disingenuous," because "[a]ccepting Plaintiff's [claim] would mean that consumers who purchase lunch meat products based on the amount of calories that come from fat forgo simply turning the package over to determine the amount of fat calories in the product." *Kuenzig*, 2011 WL 4031141, at *9. Similarly, in a case challenging the "handmade" statement on bourbon bottles, where defendants stated on a product label that "they make their bourbon from scratch and in small units" and "that, while they produce a large volume of bourbon, they do it in small, carefully tended batches," the court concluded the plaintiff could not state a claim for relief under FDUTPA. *Salters v. Beam Suntory, Inc.*, No. 4:14CV659-RH/CAS, 2015 WL 2124939, at *3 (N.D. Fla. May 1, 2015); *see also Merl v. Warner Bros. Entm't Inc.*, No. 1:12-CV-20870-PAS, 2013 WL 266049, at *5 (S.D. Fla. Jan. 23, 2013) (dismissing FDUTPA claim based on allegedly misleading representation regarding expiration date of digital copies included in DVDs because expiration dates were disclosed on product packaging). Similarly here, Plaintiff's claim that a reasonable

consumer could be misled after reading a label that clearly discloses whether a product contains milk or a certain quality of ingredients is improbable and disingenuous, and her claim must be dismissed. *See Zlotnick*, 480 F.3d at 1284 (a plaintiff alleging deceptive conduct under FDUTPA must plead facts showing "'*probable*, not possible, deception' that is likely to cause injury to a reasonable relying consumer") (emphasis added).

Plaintiff further cannot state a FDUTPA claim because she has not pled facts to show that the allegedly unfair or deceptive practice actually damaged her. *Prohias v. Pfizer, Inc.*, 485 F. Supp. 2d 1329, 1337 (S.D. Fla. 2007); *Sweeney v. Kimberly-Clark*, No. 8:14-cv-3201-T-17EAJ, 2016 WL 727173 (Feb. 22, 2016). "FDUTPA does not provide for the recovery of nominal damages, speculative losses, or compensation for subjective feelings of disappointment." *Rollins, Inc. v. Butland*, 951 So. 860, 873 (Fla. 2d DCA 2006). Plaintiff baldly asserts that she lost money by purchasing an allegedly lower-quality product (Compl. ¶¶ 16, 50), but such conclusory allegations are insufficient to state a claim for FDUTPA. Plaintiff does not assert that the Frosting provided no benefit, she does not assert that frosting products labeled with "artificially flavored" would command a lower price, nor does she provide a comparison from which the court could determine whether she paid a price premium. *See generally* Compl. Therefore, she cannot show that she suffered any detriment as a result of the alleged Frosting purchases, and her FDUTPA claim must fail.

## II.     The Complaint Fails to Satisfy the Heightened Pleading Requirements of Rule 9(b).

The threadbare allegations regarding Plaintiff's purchases fall short of Rule 9(b)'s requirement to plead claims of fraud with particularity. *See* Fed. R. Civ. P. 9(b);

11

*Begualg*, 2011 WL 4434891, at *4 (plaintiff must plead specific details regarding the "who, what, when, where, and how" of her alleged purchases). Specifically, Plaintiff does not sufficiently allege specific details related to the Frosting purchase. *See generally id.* While the Complaint alleges that Plaintiff "purchased the Frosting in reliance on Defendant's representations," (Compl. ¶ 12; *see also* Compl. ¶ 40), and includes a picture of a label from the internet (*id.* ¶ 35), Plaintiff never alleges that the picture in the Complaint is an accurate representation of the product she purchased. Indeed, while Plaintiff alleges that she "read and relied upon Defendant's front-of-package characterizing flavor claims" (*id.* ¶ 46), she never alleges she read the only term at issue in this case—"milk chocolate"—before deciding to purchase the Frosting. Accordingly, her Complaint fails to plead fraud with particularity.

### III. Plaintiff Cannot State a Claim For Injunctive Relief.

Even if Plaintiff could state a claim under FDUTPA, Plaintiff lacks standing to recover the sweeping relief she requests. To establish Article III standing for injunctive relief, the plaintiff bears the burden of pleading a real and immediate threat of future injury. *See Church v. City of Huntsville*, 30 F.3d 1332, 1337 (11th Cir. 1994); *see also Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2011) (finding "conjectural or hypothetical" threat of future injury insufficient).

Here, Plaintiff seeks injunctive relief through her FDUTPA claim, requesting that the Court "enjoin[] the above-described wrongful acts and practices of Defendant" and require Smucker to "cease and desist from engaging in its wrongful conduct and to engage in a corrective advertising campaign." Compl. ¶ 73, Prayer for Relief. But

Plaintiff lacks standing because she has not, and cannot allege that the requested relief will redress a real and immediate threat of repeated injury. Instead, Plaintiff admits that she stopped purchasing the Frosting after learning that it did not contain milk. (*Id.* ¶¶ 40, 42.)[2] She further states that the class would not purchase the Frosting "had they known the truth" about the Frosting. *Id.* ¶ 46. Therefore, there is no threat that Plaintiff or the purported class would be injured by Smucker's allegedly wrongful conduct, and Plaintiff lacks standing to seek an injunction. *Marty v. Anheuser-Busch Co., LLC*, 43 F. Supp. 3d 1333 (dismissing injunctive relief claim based on allegedly misleading labeling where there was no threat of future injury).

## IV. Plaintiffs' Unjust Enrichment Claim Fails Under Florida Law.

This Court also should dismiss Plaintiff's unjust enrichment claim as duplicative and inapplicable. In Florida, an unjust enrichment claim should be dismissed when it merely duplicates the other remedies sought in a complaint. *See Guerrero v. Target Corp.*, 889 F. Supp. 2d 1348, 1357 (S.D. Fla. 2012) ("[I]f plaintiff cannot prevail on her FDUTPA claim, she cannot prevail on her unjust enrichment claim."). Federal courts in Florida have also held that, as an equitable doctrine, unjust enrichment is not available where a plaintiff has an adequate legal remedy. *See id.*; *Jovine v. Abbott Labs., Inc.*, 795 F. Supp. 2d 1331, 1341-42 (S.D. Fla. 2011). Although some courts have permitted

---

[2] Although Plaintiff generally alleges that the sale of the product presents an "ongoing threat" (*id.* at ¶ 71), her general conclusion is contradicted by the specific assertion in the Complaint alleging that Plaintiff learned about the ingredients in the Frosting and "would not have otherwise purchased had she known the truth." *Id.* at ¶ 42; *see also Griffin Indus., Inc. v. Irvin,* 496 F.3d 1189, 1205–06 (11th Cir. 2007) (the Court's duty to accept the facts in the complaint as true does not require it to ignore specific factual details "in favor of general or conclusory allegations.").

plaintiffs to plead unjust enrichment as an alternative basis to recover, relief for unjust enrichment is not permitted where, as here, the plaintiff "seeks recovery for the exact same wrongful conduct" under both claims. *Guerrero*, 889 F. Supp. 2d at 1356; *Matthews*, No. 12-60630-CIV, 2012 WL 2520675, at *2 (S.D. Fla. June 6, 2012). Because Plaintiff seeks recovery under an unjust enrichment theory for the very same alleged wrongs for which she seeks recovery under other her other claim (*see* Am. Compl. ¶¶ 104-25), an adequate legal remedy exists. *See Prohias*, 490 F. Supp. 2d 1228, 1236 (S.D. Fla. 2007).

Plaintiff's unjust enrichment claim must also fail because she received a benefit from the purchase. Claims for unjust enrichment fail where, as here, the plaintiff receives a product in return for money. *See, e.g., Prohias*, 490 F. Supp. 2d at 1236 ("Both men purchased a cholesterol reducing drug, and both men obtained cholesterol reduction as a result. Therefore, in a general sense, they obtained the benefit of their bargain. Unjust enrichment cannot exist where payment has been made for the benefit conferred."). Plaintiff bought and consumed the Frosting "regularly" without issue (Compl. ¶ 48); she cannot now seek damages by claiming that Smucker was unjustly enriched by her purchases. Therefore, the Court should dismiss Plaintiff's claim for unjust enrichment.

### V.     **Plaintiff's Claim Must Be Limited.**

Plaintiff seeks relief on behalf of a putative class who purchased the Frosting during an unspecified period of time. Such an unrestricted claim cannot stand. Under FDUTPA, a claim must be brought within four years of the alleged deceptive or unfair practice. *Matthews v. Am. Honda Motor Co., Inc.*, 12-60630-CIV, 2012 WL 2520675, at

*4 (S.D. Fla. June 6, 2012) (clarifying that the FDUTPA claim accrues "when [plaintiffs] purchased the [product], not when they discovered that the [product] was unusable."). The statute of limitations on a claim for unjust enrichment is also four years. Fla. Stat. Ann. § 95.11; *see also State Farm Mut. Auto. Ins. Co. v. B & A Diagnostic, Inc.*, 104 F. Supp. 3d 1366, 1376 (S.D. Fla. 2015).  Therefore, to the extent Plaintiff's claims can survive a motion to dismiss, they must be limited to a time frame of March 10, 2012 to March 10, 2016 (the date this lawsuit was filed).

## REQUEST FOR HEARING

Due to the complex nature of the issues raised by Plaintiff in this proposed class action, and the legal arguments provided in this Motion, Counsel respectfully requests a hearing before the Court on this Motion.  Counsel believes a hearing will materially assist the Court in reviewing the facts and legal issues before the Court at this time.  Counsel respectfully requests the Court allot each side 45 minutes to present its argument.

## CONCLUSION

For the reasons set forth above, this Court should grant Smucker's motion and dismiss, with prejudice, Plaintiff's Complaint.

Respectfully submitted,

Dated: April 6, 2016

*/s/ David P. Ginzer*
David P. Ginzer
WINSTON & STRAWN, LLP
100 N. Tryon Street, 29th Floor
Charlotte, NC  28202
(704) 350-7700
dginzer@winston.com
Florida Bar # 73052

Ronald Y. Rothstein[*]
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601
(312) 558-5000
rrothste@winston.com

Sean D. Meenan[*]
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111
(415) 591-1000
smeenan@winston.com

Elizabeth J. Ireland[*]
WINSTON & STRAWN, LLP
100 N. Tryon Street, 29th Floor
Charlotte, NC  28202
(704) 350-7700
eireland@winston.com

[*] *Pro Hac Vice* Motions pending

*Attorneys for Defendant*
*The J.M. Smucker Company*

## **CERTIFICATION OF COUNSEL CONFERENCE**

In conformance with Local Rule 7.1(a)(3), counsel for the plaintiff has been contacted in a good faith effort to resolve the issues discussed herein, and plaintiff's counsel opposes the relief requested.

Respectfully submitted this 6th day of April 2016.

*/s/ David P. Ginzer*
David P. Ginzer
WINSTON & STRAWN, LLP
100 N. Tryon Street, 29th Floor
Charlotte, NC 28202
(704) 350-7700
dginzer@winston.com
Florida Bar # 73052

*Attorneys for Defendant*
*The J.M. Smucker Company*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to the following parties via the electronic filing system of the Southern District of Florida on the date appearing on the Clerk's CM/ECF electronic docket to all parties that have requested notice:

Steven A. Kronenberg
Anthony L. Label
VEEN FIRM, P.C.
711 Van Ness Avenue, Suite 230
San Francisco, CA 94102
415-673-4800
Email: s.kronenberg@veenfirm.com
Email: a.label@veenfirm.com

Scott Rhead Shepherd
Nathan C. Zipperian
SHEPHERD FINKELMAN MILLER & SHAH LLC
1640 Town Center Circle, Suite 216
Weston, FL 33326
954-515-0123 - SShepherd
954-515-0124 (fax)
Email: sshepherd@sfmslaw.com
866-300-7367 - NZipperian
954-515-0124 (fax)
Email: nzipperian@sfmslaw.com

*Attorneys for Plaintiffs*

                                            */s/ David P. Ginzer*
                                             David P. Ginzer